IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROGELIO BARRAGAN-CAMPOS,

    Petitioner,

    v.

MICHAEL CHERTOFF et al.,

    Respondents.

No. C 06-07057 CRB

**ORDER DISMISSING PETITION**

Petitioner filed this immigration habeas corpus action just before the December holidays. The Court ordered the government to release petitioner and stay his deportation. Now pending before the Court is the government's response to the petition, which argues that the petition should be dismissed for lack of jurisdiction, and petitioner's reply.

## BACKGROUND

In 1989, petitioner was ordered deported under the name Rigoberto Toscano-Cortes. Shortly thereafter petitioner, who was still in the United States or had returned to the United States, began to exclusively use the name Rogelio Barragan-Campos. He married and had children, all of whom are United States citizens. In 1998, petitioner received an INS notice to appear, charging petitioner (under the name Barragan-Campos) and his wife with entering the United States without permission. Petitioner and his wife initially sought cancellation of removal; however, they subsequently voluntarily abandoned their cancellation applications

and agreed to voluntarily leave the country. Before they departed, petitioner's current counsel made an appearance and successfully petitioned the immigration court to reopen the removal proceedings and reinstate the application for cancellation of removal on the ground that petitioner's previous counsel was incompetent.

Petitioner and the immigration court were made aware in October 2003 that the government was contending that petitioner had been ordered deported in 1989; however, the government failed to provide petitioner with any evidence of that deportation order. At a November 6, 2006 hearing on petitioner's cancellation of removal, the government suddenly produced a copy of the deportation order and evidence that apparently showed petitioner's fingerprints matched those of the person ordered deported in 1989. The immigration judge immediately terminated the cancellation of removal proceedings and petitioner's prior order of removal was reinstated. Petitioner was taken into custody.

Petitioner responded by filing a habeas petition in this Court. The Court ordered petitioner's deportation stayed and that he be released (in time for the holidays) and set a hearing for Friday, January 5, 2007. The government has responded by moving to dismiss. Petitioner opposes dismissal and has filed a motion to amend his petition to challenge the 1989 deportation order. He contends that the order is erroneous because at the time it was entered he was legally in the United States.

Since the Court issued the stay, petitioner has filed a petition with the Ninth Circuit for review of the reinstated 1989 deportation order. He has also filed an appeal with the Board of Immigration Appeals ("BIA") seeking review of the immigration judge's November 7, 2006 decision to terminate removal proceedings. A stay of deportation has been issued in that proceeding.

## DISCUSSION

The government moves to dismiss the petition on the ground that the Court lacks jurisdiction. The petition makes essentially two claims: (1) a challenge to the order reinstating the 1989 deportation order, and (2) a challenge to the immigration judge's decision to terminate removal proceedings.

**A.     The Order Reinstating the 1989 Deportation Order**

The government moves to dismiss petitioner's claim challenging the reinstatement of the 1989 deportation order on the ground that he has not exhausted his available judicial remedies. Specifically, petitioner has now filed a petition for review of the reinstatement order with the Ninth Circuit. The government agrees that the Ninth Circuit has jurisdiction to review the petition; accordingly, it argues that since petitioner has not yet exhausted this proper avenue of relief, this Court cannot, or at least should not, entertain this claim.

Petitioner responds that at the time he filed his habeas petition he could not have filed with the Ninth Circuit because he did not yet have a copy of the order of reinstatement. Nonetheless, he has now filed; there is no reason the Ninth Circuit should not first rule on the issue, especially when the government concedes that the court has jurisdiction to do so. Petitioner also argues that he has not had the opportunity to make a factual record in support of his petition. That is an argument to be made to the Ninth Circuit.

In any event, "[o]n May 11, 2005, Congress enacted the REAL ID Act of 2005, which expanded the jurisdiction of the circuit courts over final orders of removal." Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005). The Act

> makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, § 106(a). To accomplish this streamlined judicial review, the Act eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal. In writing the REAL ID Act, Congress expressly made these judicial review provisions retroactive.

Id. "The REAL ID Act requires district courts to transfer all habeas petitions brought by aliens that were pending before the district court on the effective date of the REAL ID Act (May 11, 2005) to the appropriate circuit court, which must treat the transferred petitions as timely filed petitions for review." Id. Thus, under the Act, this Court lacks jurisdiction to hear petitioner's claim.

Accordingly, petitioner's challenge to the reinstatement of the deportation order is DISMISSED without prejudice in favor of his Ninth Circuit petition.

3

**B.    The Order Terminating the Removal Proceedings**

The government also moves to dismiss petitioner's challenge to the immigration judge's decision to terminate the removal proceedings on the ground that petitioner has not exhausted his remedies before the BIA. Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We generally will not consider a claim of error that the BIA has not first been given the opportunity to correct because to do so deprives us of the benefit of the agency's expertise and a fully developed record"). After petitioner filed this habeas petition, he filed an appeal of the immigration judge's decision with the BIA which, of course, has not yet been ruled upon. As the BIA has not yet ruled, this Court should not review the immigration judge's decision. This claim, too, is DISMISSED without prejudice in favor of the BIA proceedings.

**C.    Stay of Deportation**

Having dismissed the claims in the petition, the Court's stay of deportation must be vacated. In any event, the immigration judge apparently issued a stay of deportation pending the BIA's determination of petitioner's appeal. And, petitioner can seek a stay from the Ninth Circuit. Moreover, the government has agreed not to take petitioner into custody while there is stay in place from the immigration judge, the BIA or the Ninth Circuit. Petitioner's objection to the conditions of his release are not well-taken; petitioner offers no authority for this Court granting the relief petitioner seeks. Moreover, petitioner has not established good cause for such relief.

**D.    Motion to Amend the Petition**

Petitioner has also filed a motion to amend the petition to make a constitutional challenge to the original 1989 order of deportation. After reviewing the parties' papers, including the motion to amend, the Court concludes that it must dismiss the petition without prejudice, but also without leave to amend.

There is a serious question whether in light of the REAL ID Act this Court would have jurisdiction to address the proposed new claim. While the Ninth Circuit concluded in Arreloa-Arreloa v. Ashcroft, 383 F.3d 956, 963-64 (9th Cir. 2004), that it does not have

4

jurisdiction to review a challenge to an original deportation order underlying an order reinstating deportation, and therefore the district courts must have habeas jurisdiction to consider such challenges, that conclusion was reached before the enactment of the REAL ID Act. The government argues that the REAL ID Act deprives a district court of jurisdiction to hear challenges to final orders of removal and, importantly, gives Courts of Appeal jurisdiction to hear constitutional challenges to the original order of deportation. The Fifth Circuit so held in Ramirez-Molina v. Ziglar, 436 F.3d 508 (5th Cir. 2006). The Ninth Circuit has not addressed the issue.

Petitioner responds that he has not had an opportunity to develop a factual record to support his challenge to the deportation order. He has not shown, however, that he cannot make that argument to the Ninth Circuit or the BIA. For example, the Ninth Circuit may remand his proceedings to the immigration judge, or the BIA may order the removal proceedings reinstated and therefore give him the opportunity to develop that argument. In the procedural posture of this case, petitioner's proposed new claim is premature.

## CONCLUSION

The petition for habeas corpus is DISMISSED for failure to exhaust judicial and administrative remedies and for lack of jurisdiction. Petitioner must pursue his BIA appeal and his Ninth Circuit petition. The dismissal is without prejudice and without leave to amend. The Court's stay of deportation is VACATED.

**IT IS SO ORDERED.**

Dated: January 10, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\7057\orderofdismissal.wpd                5